Wilbur H. Clayton v. Commissioner.
Wilbur H. Clayton v. Commissioner
Docket No. 13650.
United States Tax Court
1948 Tax Ct. Memo LEXIS 172; 7 T.C.M. (CCH) 349; T.C.M. (RIA) 48104; June 4, 1948
John S. Kilmartin, Esq., for the petitioner. Rigmor O. Carlsen, Esq., for the respondent. MURDOCK Memorandum Findings of Fact and Opinion The Commissioner determined a deficiency of $747.89 in income tax for 1943. The petitioner assigns as error the action of the Commissioner in disallowing amounts claimed for 1942 and 1943 as business expenses, representing the cost of lodgings and meals in New York, and his failure to allow deductions of $1,560 for each year for entertainment. Findings *173 of Fact The petitioner filed his individual income tax return for 1943 with the collector of internal revenue for the second district of New York. He resided with his wife in their home in Chatham Township, New Jersey, during 1942 and 1943. The petitioner has been associated since 1932 with a brokerage firm which has its place of business in New York City. He became a partner in the firm in 1941. The partnership agreement provided that he should receive a "salary" which included an increase of about $1,500 over his former salary incorporated at his insistence to cover his anticipated expenses in New York City for meals and an apartment when he would stay in the city after working late. The petitioner was to act as managing partner. He knew that his new duties would probably keep him late at the office on many days, until times when there would be only infrequent trains to his home, so he rented a small apartment in New York City in which he could spend the night on such occasions. The rent paid was $932.46 for 1942 and $937.45 for 1943. The apartment was used only for the purpose described above. He claimed deductions in those amounts on his returns for 1942 and 1943. He *174 also claimed deductions of $232 for 1942 and $356 for 1943 for meals purchased in New York City at times when he worked late and did not go home for the night. The Commissioner disallowed the deductions of $1,164.46 and $1,293.45 claimed on the returns for 1942 and 1943 with the explanation that they were personal rather than business expenses. The petitioner occasionally met employees of competing firms at meals, invited them to sit with him and paid the entire bill. He did that so that he could learn from them how they were handling various business transactions. The record does not show whether or not they ever returned such hospitality. He also occasionally took employees of his own firm to meals, theaters and night clubs to keep the office running smoothly. He kept no account of his actual expenditures in these cases but estimated that he spent about $30 to $40 a week in the way described in the two preceding paragraphs. The amount spent for himself as opposed to his guests is not shown. He made no claim on his returns for any deductions representing those expenditures and the Commissioner allowed none. The amounts spent for meals and lodging in New York City were not *175 traveling expenses, including amounts expended for meals and lodging, while away from home in the pursuit of business. The record does not show that any amounts expended for the entertainment of others, as described above, was an ordinary and necessary expense of any business carried on by the petitioner during 1942 and 1943. Opinion MURDOCK, Judge: The amounts spent for the apartment in New York and for the petitioner's meals when he stayed over night in that city were not ordinary and necessary expenses of his business deductible under section 23 (a) (1). They were not "traveling expenses (including the entire amount expended for meals and lodging) while away from home in the pursuit of a trade or business." This case is not distinguishable from and . The petitioner chose, for purely personal reasons, to live in Chatham while he worked in New York. He could have lived in New York. Thus, as in the cases cited, the added expense while in New York was personal expense expressly made nondeductible by section 24 (a) (1) rather than business or travel expenses deductible under *176 23 (a) (1). The petitioner kept no record of the amount expended by him in entertaining others. His estimates are not corroborated in any way. The Commissioner has had no way to investigate or check them. The record does not show the extent, if any, to which the estimates include the cost of the petitioner's own meals and entertainment, which would not, if separable, be deductible under any circumstances. Not does the evidence show that the entertainment of rivals would have been recognized by his firm as an ordinary and necessary expense of the firm or that it was an ordinary and necessary expense of any business carried on by the petitioner. If his guests ever reciprocated, the whole thing would appear to be a case of friendly rivals occasionally meeting, now one paying the check and now the other, with no business expense involved. The evidence in regard to the entertainment of employees is also too vague and general to justify a deduction for a business expense. The petitioner testified that sometimes after working late he would invite his assistants to accompany him to dinner, a theater, or the last show at a night club. This generosity upon the part of their "boss" no doubt *177 tended to prevent dissatisfaction over the late working hours and to promote a smooth working organization but it does not follow that the expenditures were ordinary or necessary as expenses of the firm's business or of the petitioner's business. The mere statement that they were to prevent friction and to make the office run smoothly is not sufficient to show the deductibility of these items, even if the amount were determinable. Decision will be entered for the respondent.